**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin L. BEAL, Defendant–Appellant.**

**No. 91–1935.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 16, 1991.

Decided March 31, 1992.

Larry Wszalek (argued), Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

Jenny Armstrong (argued), Madison, Wis., for defendant-appellant.

Before COFFEY, MANION and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

Defendant-appellant Kevin Lynn Beal pled guilty to violating 18 U.S.C. § 1791(a)(2), possession of a prohibited object by a federal prison inmate. The sentencing court refused to grant Beal a two point diminution of offense level under § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G.") because it found that Beal had not accepted responsibility for his crime. Beal appeals his sentence. We affirm.

I.

On October 30, 1990, Beal, then an inmate at the Federal Correctional Institute in Oxford, Wisconsin ("FCI–Oxford"), was found carrying an altered ink pen with a one and one-half inch sharpened metal point and was placed in administrative detention. On November 6, 1990, Federal Bureau of Investigation agent Richard Staedtler and prison official Lieutenant Keith Furrow attempted to interview Beal about

the incident. Beal admitted that the altered pen was his, but refused to make any other statement.

On November 14, 1990, Beal was charged in a one count indictment under 18 U.S.C. § 1791(a)(2). His motion to suppress his statement to Staedtler and Furrow admitting ownership of the altered pen was denied by the district court after an evidentiary hearing at which Furrow testified. On February 19, 1991, the defendant, pursuant to a formal plea agreement with the United States, pled guilty to the one count indictment. In exchange for the guilty plea, the United States (1) agreed not to charge Beal with any other federal violations relating to the activities which gave rise to the indictment and (2) agreed to recommend to the district court that the defendant had accepted responsibility for his crime and thus merited a two point offense level reduction in his sentencing calculation pursuant to U.S.S.G. § 3E1.1. The charge carried with it a maximum term of imprisonment of five years. 18 U.S.C. § 1791(b)(3).

After receiving Beal's plea, the district court directed that a presentence investigation be conducted. Beal refused to speak with the probation officer, Michael D. Harper, assigned to conduct the investigation. On March 25, 1991, Harper submitted a presentence report ("PSR") to the court which recommended against granting Beal a two point reduction in offense level because Beal's conduct indicated that he had not accepted responsibility for his crime. Both Beal and the government objected to the PSR recommendation, arguing that the defendant had accepted responsibility. A probation department addendum to the PSR responded to the objections and reaffirmed the original recommendation, and also pointed out that Beal refused to be interviewed by the probation officer.

On April 11, 1991, following a hearing, the district court denied Beal a two level reduction for acceptance of responsibility and sentenced the defendant to 35 months imprisonment. The Guidelines range was 30–37 months. With the two level reduction, the range would have been 24–30 months. As required by statute, the sentence was imposed consecutive to the defendant's current federal sentence. 18 U.S.C. § 1791(c). The court outlined several reasons for its refusal to find an acceptance of responsibility: (1) Beal demonstrated no remorse; (2) Beal refused to cooperate with the probation officer; (3) Beal stated that he pled guilty simply to expedite his transfer to another institution; (4) Beal threatened to harm a prison guard (Furrow) who testified against him at his evidentiary hearing; (5) Beal assaulted a prison official after he pled guilty; and (6) Beal continued to make arguments before the court justifying his illegal possession of the weapon.

Beal argues on appeal that the district court committed several errors in denying the two-point reduction for acceptance of responsibility and asks us to vacate the sentence and remand for resentencing.

II.

U.S.S.G. § 3E1.1(a) provides for a decrease of two points in the sentencing offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct ..." Especially relevant here is that a guilty plea does not entitle a defendant to a sentence reduction "as a matter of right." U.S.S.G. § 3E1.1(c). Section 3E1.1's accompanying commentary, which we treat as an interpretive aid akin to the legislative history of a statute, *United ed States v. Elmendorf,* 945 F.2d 989, 997–998 n. 7 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 990, 117 L.Ed.2d 151 (1992) (citing the commentary to U.S.S.G. § 1B1.7), amplifies this point:

"Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant

that is inconsistent with such acceptance of responsibility."

U.S.S.G. § 3E1.1, (comment.) n. 3.[1]

■ We review with deference the district court's § 3E1.1 determination:

"Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question ... enjoys the protection of the 'clearly erroneous' standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court in this area."

*United States v. Osborne*, 931 F.2d 1139, 1154 (7th Cir.1991) (quoting *United States v. Sullivan*, 916 F.2d 417, 419 (7th Cir. 1990)). The clearly erroneous standard of review for findings of fact in the sentencing context is mandated by Congress. 18 U.S.C. § 3742(e). "A finding of fact is clearly erroneous only if, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Herrera*, 878 F.2d 997, 1000 (7th Cir.1989) (citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (citation omitted). It follows that a district court's sentence will be affirmed if it results from a proper application of the sentencing guidelines to facts not found to be clearly erroneous. *Sullivan*, 916 F.2d at 419.

The commentary to § 3E1.1 underscores the broad discretion with which the district courts are committed in deciding whether a defendant has accepted responsibility:

"The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."

U.S.S.G. § 3E1.1, (comment.) n. 5. An appellant attempting to overturn a district court's § 3E1.1 determination carries a heavy burden.

### III.

■ We turn now to Beal's challenge to his sentence. The defendant maintains initially that the district court erred when it concluded that his refusal to be interviewed by the probation officer preparing his presentence report was evidence of his failure to accept responsibility. We disagree with the defendant's argument that this is "not a proper reason" for refusing to grant the two-level reduction. Application Note 1(c) to § 3E1.1 provides that whether the defendant offers a "voluntary and truthful admission to authorities of involvement in the offense and related conduct" is relevant to the acceptance-of-responsibility inquiry. Although he pled guilty, Beal refused to provide the probation officer with a full account of the circumstances surrounding his illegal possession of the weapon. Beal admitted that the weapon was his, but then refused to say anything more during the presentence investigation. Cooperating (or not) with authorities is evidence of acceptance of responsibility,[2] and Beal's failure to

---

1. The commentary to § 3E1.1 was amended between the time of Beal's offense and his sentencing. The applicable version of the Guidelines and commentary is the one in effect on the date the defendant is sentenced, in this case April 11, 1991. 18 U.S.C. § 3553(a)(4) & (5); *United States v. Scroggins*, 939 F.2d 416, 422 n. 6 (7th Cir.1991). No changes were made to the text of § 3E1.1 between Beal's offense and sentencing. *Ex post facto* considerations are not relevant here because the amendments to the commentary did not disadvantage Beal. *United States v. Golden*, 954 F.2d 1413, 1417 (7th Cir.1992). Both parties apparently erroneously assumed in their briefs that the version of the commentary in effect on the date Beal committed his offense applied to sentencing. There is no indication in

the record that the district court considered the incorrect commentary. The parties' misunderstanding does not affect our disposition of this appeal.

2. The commentary to § 3E1.1 makes this quite clear. As noted above, Application Note 1(c) provides that a defendant's willingness to admit to authorities his involvement in the offense and related conduct is evidence of his acceptance of responsibility. Two of the other considerations listed in the commentary to § 3E1.1 as relevant to the acceptance-of-responsibility inquiry also directly involve cooperation with the authorities: "voluntary surrender to authorities promptly after commission of the offense" and

cooperate with the sentencing court's efforts to gather information qualifies as "conduct ... inconsistent with ... acceptance of responsibility." U.S.S.G. § 3E1.1 (comment.) n. 3. The sentencing court did not err in including it as one of its reasons for denying Beal the § 3E1.1 reduction. *See United States v. Fonner*, 920 F.2d 1330, 1335 (7th Cir.1990) (affirming district court's judgment that defendant did not merit § 3E1.1 reduction and noting that defendant's refusal to cooperate with probation office's presentence investigation was evidence that defendant's "last minute apology was a deceitful little show.")

The defendant argues that *United States v. Enquist*, 745 F.Supp. 541 (N.D.Ind.1990), stands for the proposition that refusing to cooperate with the probation officer conducting the presentence investigation is not evidence of a defendant's willingness to accept responsibility. In *Enquist*, the district court, rejecting the recommendation of the probation officer, determined that the defendant had accepted responsibility even though he refused to provide his version of the offense to the probation officer. The *Enquist* court ruled this way only because other considerations convinced it that the defendant had accepted responsibility for his offense. Among the most significant of these mitigating factors was that the defendant had twice met with government investigators and provided truthful information (a fact of which the probation officer was unaware). *Id.* at 545. The *Enquist* court thus treated the defendant's refusal to cooperate with the probation officer as evidence that he had not accepted responsibility, but concluded that that evidence was outweighed by other considerations and explained by extenuating circumstances.

In the instant case, the defendant and his counsel, in their objections to the PSR and at the sentencing hearing, presented Beal's explanation for his refusal to cooperate with the probation officer. His reasons included a generalized mistrust of persons in authority and a fear that other prisoners

would retaliate against him if he provided damaging information about them. The district court was free to consider these mitigating factors, but it was also free to conclude, as it did, that the defendant's refusal to cooperate with the probation officer was one of several reasons for finding that the defendant had failed to accept responsibility.

## IV.

■ Beal also contests the district court's reliance on two other reasons for denying him a finding of acceptance of responsibility. In explaining its sentencing decision, the district court noted that Beal "stated that he pleaded guilty to simply expedite his transfer from Oxford to another institution, and he threatened to inflict harm on a security officer who testified against him at the evidentiary hearing in this matter." The district court relied on the PSR in making both of these findings.

In its PSR and the addendum to the PSR, the probation office reported that, although Beal refused to be interviewed, he had "provided statements" to the probation officer "indicating that he was attempting to expedite a transfer by pleading guilty to this offense." The PSR also stated that Beal told Captain Wyman, chief custodial officer at FCI–Oxford, that "he intended to inflict harm on Lt. Furrow the first opportunity he was given." Furrow had testified at Beal's evidentiary hearing.

Beal denies making any statement that he pled guilty in order to expedite a transfer from the FCI–Oxford. He claims he simply expressed a desire "to go directly to the new institution after he pled and not wait for a presentence report so that he could get away from guards and prisoners who were harassing him and to get to an institution where he could get started on some educational programs." Appellant's Brief at 15. He also denies making any threats against Furrow and maintains that Captain Wyman (who reported the threat) invented the story in order to retaliate

---

"voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the

offense." U.S.S.G. § 3E1.1, (comment.) n. 1(d) & (e).

against Beal for filing a complaint against him.

The district court's decision to rely on the information in the PSR rather than believe Beal's denials was essentially a judgment of Beal's credibility. "Determinations of credibility by the sentencing judge are entitled to great deference on review." *United States v. Schuster,* 948 F.2d 313, 315 (7th Cir.1991). "We defer to the [sentencing] court's ... credibility determinations unless they are without support in the record...." *United States v. Brown,* 944 F.2d 1377, 1379 (7th Cir.1991). The district court's credibility judgments in this case were entirely appropriate. The court relied on the probation officer's statement in his report that Beal told him that he pled guilty only to expedite a transfer from the FCI–Oxford. This statement was consistent with the defendant's assertions at the sentencing hearing that he wanted to "go to the [new] institution and try to get my schooling ... that's all. I want to get my schooling and get out of these institutions and be with my family." The district court thus had ample support in the record, in addition to the report of the probation officer, to support its conclusion that Beal did tell the probation officer that he was pleading guilty only to expedite a transfer from FCI–Oxford.

■ The district court's conclusion that the defendant threatened Lieutenant Furrow was also supported by the record. The threat, reported to the probation officer during the course of his investigation by staff at FCI–Oxford, was rendered quite credible by the disclosure in the addendum to the PSR that, after the defendant had pled guilty, he assaulted a corrections officer by delivering a roundhouse kick to the officer's chest.[3]

■ Beal also argues that the district court should not have considered the reports of the threat he made against Furrow because the information was "hearsay within hearsay" and did not have a "minimum indicia of reliability." Title 18, U.S.C. § 3661 provides that:

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Thus, a sentencing judge is free to consider "a wide variety of information that would be inadmissible at trial, including hearsay." *United States v. Agyemang,* 876 F.2d 1264, 1271 (7th Cir.1989). The district court is empowered to consider this broad range of information so that it may impose the sentence most appropriate to the defendant's circumstances.

■ A convicted defendant, of course, has the right to be sentenced on the basis of accurate and reliable information, and the "more lax evidentiary standards at sentencing—including allowing hearsay" are in some tension with that right. *Id.* at 1271–72. "This court has resolved that tension by insisting that a defendant have a reasonable opportunity to rebut contested hearsay and that contested hearsay be reliable." *Id.* at 1272. To meet these twin requirements, the defendant must be allowed an opportunity to present his side of the story, including why he believes the judge should not credit the hearsay information. The judge must also be satisfied, in light of all the circumstances, that the hearsay is worthy of credence. "Since the sentencing judge is in the best position to make these determinations, we will reverse [her] decision to consider contested hearsay only if [she] abuses [her] discretion." *Id.*

The district court did not abuse its discretion in considering the statement in the PSR that Beal threatened Furrow. The defendant had ample opportunity to rebut the hearsay allegation against him. Although he chose not to, he could have given

---

3. The defendant suggests in his brief that, since the probation officer did not believe Beal's threat against Furrow warranted an obstruction of justice enhancement under U.S.S.G. § 3C1.1, the threat should not have been considered for purposes of the acceptance-of-responsibility inquiry. We disagree. That Beal's threat did not obstruct justice does not diminish its value as evidence of his failure to accept responsibility.

the probation officer his side of the story. He did rebut the allegation in his objection to the presentence report, and he and his attorney were both given an opportunity to present their views during the sentencing hearing.

Moreover, the district court did not abuse its discretion when it determined that the hearsay evidence was worthy of credence. As we pointed out above, the fact that the defendant had only recently assaulted one correctional officer made the reports of his verbal threat of another all the more believable.

## V.

■ Beal also contends that the sentencing court did not sufficiently explain its reasons for refusing to find that he accepted responsibility for his crime. The defendant argues that the court's reasoning was deficient in two ways. First, he asserts that it cannot be determined how much weight the sentencing court placed on the report of the defendant's assault of the correctional officer after he pled guilty. The defendant provides no authority for the proposition that the district court must specify the relative importance of each fact it relies upon in making a sentencing determination. We refuse to impose such a requirement today.

■ The defendant's second argument is that the court's reasoning was deficient because it was not clearly tied to the language of the Application Notes to § 3E1.1. The defendant cites *United States v. Sullivan,* 916 F.2d at 420–421, in support of its argument. In *Sullivan,* we remanded to the district court for resentencing because the district court "failed to delineate any specific examples in the record of conduct that would support a denial of the two-point reduction for 'acceptance of responsibility'". *Id.* at 420. We held that "it is incumbent upon the trial court to provide an explanation of the factors it relied on in reaching its decision to enable this Court to fulfill its review function." *Id.* However, we have only recently upheld a district court's refusal to find an acceptance of responsibility even though the judge "failed to specifically state" his reasoning because "there [was] more than an adequate foundation in the record for such a finding." *United States v. Blas,* 947 F.2d 1320, 1330 (7th Cir.1991).

In denying Beal a finding of acceptance of responsibility, the district court provided several specific reasons for its decision—in a manner sufficiently detailed to allow the defendant to identify and challenge those reasons in this appeal. It is true, however, that the district court did not make specific reference to the factors listed for consideration in Application Note 1 to § 3E1.1. Application Note 1 states that it is not an exhaustive list of relevant considerations. Nevertheless, if the sentencing judge is relying on facts which fall under one of the categories listed in Note 1, it is helpful for purposes of review that the fact be tied to the appropriate category.

In the instant case, it is clear from the record that the sentencing court was relying on facts which corresponded to some of the considerations listed in Note 1. For example, the defendant's assault on the corrections officer and his threat against another are quite obviously relevant to Note 1(a): "voluntary termination or withdrawal from criminal conduct or associations." The defendant's refusal to be interviewed by the probation officer is relevant to Note 1(c): "voluntary and truthful admission to authorities of involvement in the offense and related conduct." The district court's other stated reasons—the defendant's failure to express remorse, his statement that he was pleading guilty simply to expedite a transfer, and his insistence on making arguments at the sentencing hearing in defense of his decision to carry a weapon in prison—all are examples of "conduct ... inconsistent with ... acceptance of responsibility" a relevant consideration under Note 3. The sentencing judge's denial of a finding of acceptance of responsibility was sufficiently specific "to allow this court to conduct a meaningful review." *United States v. Montenegro-Rojo,* 908 F.2d 425, 428 (9th Cir.1990).

## VI.

█ In his final argument, Beal protests the district court's decision to view the defendant's repeated justifications for carrying the weapon as evidence of his refusal to accept responsibility. Beal first argues that the reasons he gave for carrying the weapon (he feared for his life in a prison filled with dangerous inmates overseen by guards indifferent to his safety)—were mitigating circumstances which should have persuaded the court to lower his sentence within the Guidelines range or to give him a sentence below the Guidelines range. Title 18, U.S.C. § 3742(a), which governs appellate review of sentencing decisions, precludes us from reviewing sentences within the applicable Guidelines range. *See United States v. Braslawsky*, 913 F.2d 466, 467 (7th Cir.1990); *United States v. Franz*, 886 F.2d 973, 976–982 (7th Cir.1989). Thus, we lack jurisdiction to consider Beal's argument that the district court should have departed downward or imposed a lower sentence within the range.

█ Beal also maintains that his arguments at the sentencing hearing attempting to justify his crime should not have been used as a reason to deny him a reduction for acceptance of responsibility. We disagree. It was not clear error for the district court to consider Beal's justifications for carrying the altered pen as conduct inconsistent with an "affirmative acceptance of *personal* responsibility...." U.S.S.G. § 3E1.1(a) (emphasis added).

## VII.

Because the district court did not commit clear error in finding that the defendant failed to accept responsibility for his crime, Beal's sentence is AFFIRMED.