983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney McINTOSH, aka Rod C. Batts, Defendant-Appellant.
 No. 92-2180.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Jan. 7, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Rodney McIntosh pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. He now appeals the district court's refusal to grant a two-point reduction for acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines. We affirm.
 
 I. BACKGROUND
 
 2
 Without any formal training as a psychologist, and under the assumed identity of Dr. Chester L. Batts, a deceased psychologist, Rodney McIntosh, applied for and retained a job as a clinical psychologist with the Lac Courte Oreilles Tribe Health Center in Hayward, Wisconsin. Subsequently, McIntosh was arrested and chared in a two count indictment. Count one charged a violation under 42 U.S.C. § 408(g)(2) for false use of a Social Security number. The second count alleged use of the United States mail for the purposes of furthering a fraudulent scheme in violation of 18 U.S.C. § 1341. Pursuant to a plea agreement, the defendant pleaded guilty to the charge of mail fraud and in return, the government recommended a two leved reduction for acceptance of responsibility. The presentence report, however, recommended a denial of an adjustment for acceptance of responsibility. The district court agreed with the presentence report and denied the reduction. (Sentencing Tr. at 12). McIntosh argues that the district court clearly erred in its decision.
 
 II. ANALYSIS
 
 3
 Section 3E1.1 provides for a two-level reduction in the sentencing offense "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct. . . ." The fact that defendant entered a plea of guilty does not by itself entitle the defendant to a reduction. U.S.S.G. 3E1.1(c). Rather, this evidence may be outweighed by inconsistent conduct. U.S.S.G. 3E1.1, (comment) n.3. Whether a defendant has accepted responsibility is a factual determination to be made by the sentencing judge who is in a unique position to assess the defendant's contrition. A reviewing court will not overturn this determination unless clearly erroneous. United States v. Beal, 960 F.2d 629, 632 (7th Cir. 1992).
 
 
 4
 McIntosh argues that the district court failed to give any weight to his timely acknowledgment of responsibility as well as his acceptance of responsibility for other uncharged conduct. He also claims the court improperly focused on a belief that the defendant did not understand "the extent to which deceit and fraud are part of his makeup in his everyday life" (Sentencing Tr. 8), rather than focusing on acceptance of responsibility for the specific criminal conduct. However, after reviewing the entire evidence, we are not left with a defininte and firm conviction that the district court required an overly broad showing of acceptance of responsibility.
 
 
 5
 In denying the reduction, the court articulated its reasons for finding that McIntosh's conduct was inconsistent with acceptance of responsibility for the fraud charged: (1) McIntosh made false statements to the Pretrial Services officer regarding his education, employment, and past experiences, and (2) his statement of the offense written to the court suggested that the Lac Courte Oreilles Tribal Health Center agreed to hire him despite his lack of any kind of psychological degree. (Sentencing Tr. at 5, 7, 9, 12). The court found these actions demonstrated that McIntosh was still attempting to minimize the number of misrepresentations he had made and clearly indicated that he had not recognized the wrongfulness of his conduct. Because the reasons articulated by the court comport with factors listed for consideration of whether a defendant has accepted responsibility, it was not clear error to rely on them. See Application Note 1 to § 3E1.1. Misstatements or lies made to the pretrial services officer is inconsistent with the cooperation with authorities expected of one who has accepted responsibility. Beal, 960 F.2d at 632-33. In addition, the mischaracterizations referred to in McIntosh's statement of offense qualifies as conduct reflective of his unwillingness to acknowledge the wrongfulness of his actions and is thus, inconsistent with an acceptance of responsibility. See id.
 
 
 6
 Accordingly, we do not find the factual determination made by the district court clearly erroneous, and AFFIRM the sentence.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant responded that the appeal has been adequately addressed by the briefs. Therefore, the appeal has been submitted on the briefs and record