19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Thomas L. JOHNSON, Defendant/Appellant.
 No. 93-1632.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Thomas Johnson was convicted by a jury of seven counts of bank fraud and three counts of possession of stolen mail. He was sentenced to 51 months of imprisonment and three years of supervised release. Johnson claims there was insufficient evidence presented at trial to convict him. He also challenges his sentence, arguing that he was not an organizer, leader, manager or supervisor in this criminal activity and that he accepted responsibility for his criminal conduct. U.S.S.G. Secs. 3B1.2, 3E1.1. We affirm his conviction and sentence.
 
 
 2
 Johnson obtained fraudulent identification documents and, with the assistance of Othello King, opened bank accounts into which they deposited stolen checks. Later, checks would be written on the account or sums would be withdrawn from the account by Johnson and King. Under the scheme, two financial institutions were defrauded of thousands of dollars. In his defense, Johnson argued that King had acted alone in the scheme.
 
 
 3
 When faced with a claim of insufficient evidence, this court considers the evidence in the light most favorable to the government and reverses only if there is not evidence from which the jury could find guilt beyond a reasonable doubt. United States v. Goines, 9088 F.2d 750, 758 (7th Cir.1993). We will not reweigh the evidence or evaluate the credibility of the witnesses. United States v. Cabello, No. 93-1108, slip op. at 4 (7th Cir. Feb. 7, 1994); United States v. Dortch, 5 F.3d 1056, 1065 (7th Cir.1993).
 
 
 4
 The focus of Johnson's argument is that King's testimony is incredible. As stated above, we will not evaluate the credibility of a witness. Cabello, No. 93-1108, slip op. at 4. We will reconsider a witness's credibility only if Johnson can prove that the challenged testimony is "unbelievable on its face," not merely that the testimony is inconsistent. United States v. Grandinetti, 891 F.2d 1302, 1307 (7th Cir.1989), cert. denied, 494 U.S. 1060 (1990). This exception does not apply here. Moreover, the government presented ample evidence in addition to King's testimony to prove Johnson's guilt beyond a reasonable doubt.
 
 
 5
 When King was arrested at Palos Bank on November 29, 1989, Johnson, who was waiting in the car, left the bank upon seeing police officers arrive. While driving away, he threw a plastic pouch out the window of the car. The pouch contained documents relating to the stolen checks and the two fraudulent bank accounts. Johnson's fingerprints were on three of these documents, as well as on a check used to withdraw a large sum from one of the defrauded banks. When Johnson was arrested, several birth certificates, and dates of birth and death from two cemeteries were found in his car. One of the checks on the fraudulent account was written for the payment on a phone bill for a friend of Johnson's. The jury was entitled to rely on King's testimony, but even without it, there was sufficient evidence to convict Johnson beyond a reasonable doubt.
 
 
 6
 Johnson next claims that even if there was sufficient evidence to convict him, the district court erred in finding that he maintained a leadership role in the offense.[1] Under Sec. 3B1.1(c) of the Sentencing Guidelines, a defendant's offense level may be increased by two levels if the defendant was an organizer, leader, manager or supervisor in the criminal activity. We review the district court's determination for clear error. United States v. Cantero, 995 F.2d 1407, 1413 (7th Cir.1993).
 
 
 7
 Johnson concedes in his brief that he "may have had an essential role in the offense," but that there is no credible evidence indicating that he was the organizer or leader of the activity. We disagree. Several of the considerations enumerated in the Guidelines exist in the record. U.S.S.G. Sec. 3B1.1, Application Note 3. Johnson exercised his decision-making authority by choosing the financial institutions where he directed King to open an account, instructed King in all transactions and provided him with necessary documents.[2] Johnson recruited King to join him in the scheme, and maintained the contacts within the post office to obtain the stolen mail. Each time King withdrew money from an account, he turned the entire sum over to Johnson for distribution. Johnson took a larger share, and controlled any further distribution among the participants. The documents in the pouch were obtained by Johnson and indicated that he was experienced in obtaining identification in the name of deceased persons. We cannot say that the district court erred in finding that Johnson was the organizer, leader, manager or supervisor in this criminal activity.[3]
 
 
 8
 Finally, Johnson argues that the district court erred in denying him a two-level reduction for acceptance of responsibility. He contends that because he understood the significance of his criminal conduct and expressed remorse, he should receive the two-level decrease. A defendant's offense level may be reduced by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Id., Application Note 5; see 18 U.S.C. Sec. 3742(e); United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993). The issue of whether a defendant has accepted responsibility for his crime is a factual determination review under the clearly erroneous standard. United States v. Yanez, 985 F.2d 371, 374 (7th Cir.1993).
 
 
 9
 Although a conviction at trial does not automatically preclude a defendant from this reduction, in rare situations a defendant may demonstrate an acceptance of responsibility for his criminal conduct even though he exercised his right to a trial. U.S.S.G. Sec. 3E1.1, Application Note 2. Such is not the case here. One of the considerations to determine whether a defendant has accepted responsibility is if he truthfully admitted the conduct comprising the offense of conviction. U.S.S.G. Sec. 3E1.1, Application Note 1(a). At sentencing, the district court found that Johnson had "not told the truth on many occasions during the course of this sentencing hearing," and that he did not acknowledge his full role in the offense. See United States v. Rivero, 993 F.2d 620, 624 (7th Cir.1993) (the defendant "consistently denied his factual guilt until the last moment and has presented nothing to suggest that he qualifies for the 'rare situation' exception").
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Johnson argues that the district court did not provide specific reasons for enhancing Johnson's sentence. The record and transcripts indicate that the court clearly inquired about Johnson's role in the offense and about his acceptance of responsibility. While the court may not have laid out it's entire reasoning in one breath, the record supports the court's conclusions. See United States v. Beal, 960 F.2d 629, 635 (7th Cir.) (sentence affirmed even though the district court did not specifically state reasons for finding defendant had not accepted responsibility because the court's denial was sufficiently specific to allow for meaningful review and because there was adequate basis in the record to support such a finding)
 
 
 [2]
 Johnson objects to King's testimony that he and Johnson obtained the documents in the name of Michael Warren in the summer of 1989. Specifically, Johnson points to the testimony of an official from the Social Security Administration that these documents were obtained before King ever met Johnson. However, without resolving this dispute over King's credibility on this issue, there was ample evidence for the district court to find that Johnson was an organizer of the criminal activity
 
 
 [3]
 Johnson also argues that King's subsequent involvement with another fraud scheme indicates that he did not need Johnson's direction. This evidence neither proves nor disproves the role Johnson played in the criminal activity at issue in this case