27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marwin Cortez CONEY, Defendant-Appellant.
 No. 94-1134.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.
Decided July 5, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Marwin Coney entered a plea of guilty to one count of failing to surrender for service of sentence in violation of 18 U.S.C. Sec. 3146(a)(2). After accepting the plea, the district court sentenced Coney to 18 months in prison to run consecutively to a 12-month term he received for a federal firearms violation in Case No. 92-30126-01 WLB (S.D.Ill.1993). Coney's appointed counsel has moved to withdraw from the appeal on the ground that it is frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Coney received notice of counsel's motion, Cir.R. 51(a), but has not filed a response. After an independent review, we conclude that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Counsel submits that the district court abused its discretion in sentencing Coney to the high end of the guideline range. Review of a sentence imposed under the Sentencing Guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of an incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Coney's sentence falls within none of these categories.
 
 
 3
 The base offense level for violation of 18 U.S.C. Sec. 3146(a)(2) is 11. U.S.S.G. Sec. 2J1.6(a)(1). Pursuant to U.S.S.G. Sec. 3E1.1(a), this offense level was reduced by two levels for Coney's acceptance of responsibility, resulting in a total offense level of 9. The total offense level, when considered with a criminal history category of IV, yielded a sentencing range of 12 to 18 months. Because Coney's sentence was within this range, he cannot challenge it on appeal. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992); United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 4
 Counsel also submits that the district court abused its discretion in imposing a consecutive rather than concurrent sentence. However, 18 U.S.C. Sec. 3146(b)(2) required the district court to impose a consecutive sentence for Coney's conviction. The district court informed Coney of that requirement during his guilty plea hearing, and Coney indicated that he understood it. (Tr. Vol. I at 8).
 
 
 5
 There are no other issues of any merit. The motion to withdraw is GRANTED, and the appeal is DISMISSED.