53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Kelly WALLMAN, Defendant-Appellant.
 No. 93-3168.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.
Decided April 24, 1995.
 
 Appeal from the United States District Court, for the Central District of Illinois, Springfield Division, No. 93-30033; Joe Billy McDade, Judge.
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Kelly Wallman pleaded guilty to conspiring to possess with intent to distribute cocaine and to distributing cocaine in violation of 18 U.S.C. Secs. 846 and 841(a)(1). The district judge sentenced Wallman to two concurrent terms of 87 months' imprisonment to be followed by five years of supervised release. Wallman's appointed counsel has moved to withdraw from the appeal because it is frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Wallman received notice of counsel's motion, Cir.R. 51(a), but has not filed a response. After an independent review of the record, we conclude that there are no non-frivolous issues. Thus, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 A defendant who pleads guilty waives numerous rights such as the privilege against self-incrimination, the right to a trial by jury, and the ability to confront witnesses. Boykin v. Alabama, 395 U.S 238, 242-43 (1969). Because of the importance of these rights, Rule 11 of the Federal Rules of Criminal Procedure sets forth procedures to ensure that a guilty plea is knowingly and voluntarily made. United States v. Lumpkins, 845 F.2d 1444, 1448 (7th Cir.1988). So long as the district judge complies with Rule 11's procedures, a guilty plea is presumed valid. Id.
 
 
 3
 A review of the change of plea hearing transcript indicates that the district judge fully complied with Rule 11. The judge carefully explained the charges against Wallman and the rights she would give up by pleading guilty. The judge also asked Wallman about her mental and physical health, counsel's advice, and her understanding that the judge was not bound by the plea agreement and could impose any sentence authorized by law. We find nothing in the record to indicate that Wallman's plea was other than a knowing and voluntary waiver of her rights.
 
 
 4
 Counsel submits that the district judge abused his discretion in sentencing Wallman. Our review of a sentence imposed under the Sentencing Guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of an incorrect application of the Guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Wallman's sentence does not fall into any of these categories.
 
 
 5
 The district judge found that Wallman was accountable for 7.2 kilograms of cocaine involved in the conspiracy. The base offense level for an offense involving at least 5 kilograms but less than 15 kilograms of cocaine is 32. U.S.S.G. Sec. 2D1.1(c)(6). Pursuant to U.S.S.G. Sec. 3E1.1, the base offense level of 32 was reduced by three levels for Wallman's acceptance of responsibility, resulting in a total offense level of 29. Combining this offense level with a criminal history category of I yielded a sentencing range of 87 to 108 months. The sentence imposed, 87 months, was at the bottom of this range. Section 3742(a) thus precludes us from reviewing a sentence within the applicable guideline range. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992); United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 6
 Wallman could also argue that the district judge erred by holding her responsible for approximately 5.6 kilograms (or 198 ounces) of cocaine that co-conspirators William Sexton and Bryan Lasch supplied to co-conspirator Larry O'Dell for distribution from November 1991 until April 1992, because she was unaware of the transactions. We review a district judge's computation of the total drug amount for clear error. United States v. Phillips, 37 F.3d 1210, 1213 (7th Cir.1994). Under the Sentencing Guidelines, a defendant's base offense level, "in the case of a jointly undertaken criminal activity," is determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. Sec. 1B1.3(a)(1)(B). Reasonable foreseeability refers to the scope of the agreement that Wallman entered into when she joined the conspiracy, not merely the drugs that she may have known about. United States v. Edwards, 945 F.2d 1387, 1403 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992). The district judge found, by a preponderance of the evidence, that the 5.6 kilograms of cocaine distributed by O'Dell were reasonably foreseeable to Wallman. See United States v. Ruffin, 997 F.2d 343, 345 (7th Cir.1993). This finding was based on Wallman's admissions that between December 1991 and April 1992 she was a member of a cocaine trafficking conspiracy that consisted of Sexton, Lasch, and O'Dell; that she knew these men were dealing with one another; that they supplied her with cocaine; and that O'Dell distributed approximately .056 kilograms (or two ounces) to her during the relevant period of time. In light of these established facts, we cannot say that the judge's finding was clearly erroneous.
 
 
 7
 There are no other issues of any merit. The motion to withdraw is GRANTED, and the appeal is DISMISSED.