**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 96-4532

WILLIAM CALVIN JOHNSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court for the
Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-94-128-A)

Submitted: October 21, 1997

Decided: November 18, 1997

Before NIEMEYER, HAMILTON, and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Helen
F. Fahey, United States Attorney, Elizabeth A. Jex, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Calvin Johnson pled guilty to the indictment that charged him with armed robbery of the Arlington Schools Federal Credit Union, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (1994) (Count One), and using a firearm in a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1) (1994) (Count Two). The district court sentenced Johnson to ninety-seven months' imprisonment for Count One and a consecutive sixty-months for Count Two, to be followed by a three-year term of supervised release. Johnson now appeals his sentence. Finding no reversible error, we affirm.

Johnson first asserts that the district court abused its discretion by refusing to allow him to withdraw his guilty plea. The withdrawal of a guilty plea is not a matter of right.[1]  The defendant bears the burden of showing a fair and just reason for the withdrawal even in the absence of a showing of prejudice by the government. [2] This is true even when the defendant seeks to withdraw the plea before the district court formally accepts a plea agreement.[3]  On appeal, the district court's refusal to allow the withdrawal of a guilty plea is reviewed for abuse of discretion.[4]

For us to find such abuse of discretion, the district court must either have failed or refused to exercise its discretion or relied upon an erroneous legal or factual premise in the exercise of its discretionary authority.[5] We find no such abuse of discretion here. The district court

_____

[1] **See United States v. Ewing**, 957 F.2d 115, 119 (4th Cir. 1992).
[2] **See United States v. Moore**, 931 F.2d 245, 248 (4th Cir. 1991).
[3] **See United States v. Hyde**, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667).
[4] **See United States v. Wilson**, 81 F.3d 1300, 1305 (4th Cir. 1996).
[5] **See James v. Jacobson**, 6 F.3d 233, 239 (4th Cir. 1993).

2

addressed each of Johnson's reasons for withdrawing his plea individually and concluded that none qualified as a fair and just reason to grant the motion to withdraw. The court also properly considered Johnson's reasons in light of the factors enunciated by this court in Moore. Therefore, we find no reversible error in the court's denial of Johnson's motion to withdraw his guilty plea.

Next, Johnson asserts that the sentencing court clearly erred when it refused to find he was entitled to the two-level reduction in offense level under the Guidelines for acceptance of responsibility.[6] Johnson claims that because he never denied his participation in the bank robbery or any of the facts of the offense, he was entitled to the acceptance-of-responsibility reduction in offense level.

A defendant is entitled to a two-level reduction in offense level under USSG § 3E1.1 if he clearly demonstrates acceptance of responsibility for his offense. Whether or not a defendant has accepted responsibility for his crime is a factual question, [7] and we review such factual determinations under the clearly erroneous standard.[8] A guilty plea does not automatically entitle a defendant to such a reduction as a matter of right.[9]

Although he pled guilty, Johnson refused to cooperate with the probation officer during the preparation of his presentence report. Further, during the sentencing hearing, Johnson stated he did not accept any responsibility for the offense and maintained his innocence because the Government allegedly had not proven the credit union was federally insured. We find that Johnson's uncooperative behavior, his refusal to fully disclose the circumstances surrounding the armed robbery and his attempt to escape, combined with his admissions in open court, are inconsistent with acceptance of responsibility and do not warrant the two-level reduction in offense level under USSG § 3E1.1.[10]

_____

[6] See U.S. Sentencing Guidelines Manual § 3E1.1 (1995).
[7] See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991).
[8] See United States v. Strandquist , 993 F.2d 395, 401 (4th Cir. 1993).
[9] See United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989).
[10] See United States v. Beal, 960 F.2d 629, 632 (7th Cir. 1992) (defendant's failure to cooperate with probation office's investigation properly considered in denying reduction for acceptance of responsibility).

In his pro se supplemental brief, Johnson asserts that his trial counsel was ineffective because he failed to assist in his attempt to withdraw his guilty plea. We find that Johnson's claim is without merit. Claims of ineffective assistance of counsel are generally not appropriate on direct appeal and should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless the record conclusively shows that counsel did not provide effective assistance.[11] Here, the record does not conclusively show that counsel's representation fell below any objective standard of reasonableness.[12] Since the record before us discloses no error, Johnson's claim of ineffective assistance of counsel is more properly brought in a § 2255 action.

For the foregoing reasons, we affirm Johnson's sentence. Additionally, we deny Johnson's motions to review the audio tapes of his Rule 11 hearing since transcripts of that proceeding are contained in the record on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[11] **See United States v. DeFusco**, 949 F.2d 114, 117 (4th Cir. 1991).
[12] **See Strickland v. Washington**, 466 U.S. 668 (1984).

4