**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4594

JAMES W. PEYTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4595

LOUIS E. PEYTON,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James R. Spencer, District Judge.
(CR-97-33)

Submitted: September 15, 1998

Decided: October 13, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lance D. Gardner, Fairfax, Virginia; James C. Clark, LAND, CLARK, CARROLL, MENDELSON & BLAIR, P.C., Alexandria, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Charles A. Beamon, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted brothers Louis E. Peyton and James W. Peyton of conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana and a detectable amount of cocaine.[1] The district court sentenced Louis Peyton to serve 151 months' imprisonment. The court sentenced James Peyton to serve seventy-eight months' imprisonment. In these consolidated appeals, both Appellants challenge their sentences by asserting that the district court erroneously determined the amount of marijuana for which they were held accountable. James Peyton also contends that the district court erred by denying him a two-level sentencing reduction for acceptance of responsibility. Finding no reversible error, we affirm.

During their joint trial, the Government presented numerous witnesses, primarily co-conspirators, who provided overwhelming evidence of Appellants' involvement in the acquisition and distribution of massive amounts of marijuana and cocaine for more than a decade. Following their convictions and based upon the evidence presented at

_____

[1] See 21 U.S.C. § 846 (1994). The jury also convicted Louis Peyton of four counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1) (1994), but he does not challenge these convictions in this appeal.

2

trial, the probation officer recommended that Louis Peyton was responsible for 3375 kilograms of marijuana and 11,793.6 grams of cocaine. The cocaine was converted to its equivalent in marijuana, 2358 kilograms, for a total of 5733 kilograms of marijuana. The probation officer recommended that James Peyton was accountable for 1020.6 kilograms of marijuana. During sentencing, Appellants attacked the credibility of the Government's witnesses and argued that the presentence report grossly over-represented the amount of drugs involved in the distribution conspiracy. Specifically, Louis Peyton suggested that he should not be held accountable for more than 400 to 700 kilograms of marijuana (the same amount for which Stephen Hatcher, his primary co-conspirator and chief Government witness, was held accountable). James Peyton argued that he should only be held accountable for one-half the marijuana attributed to Louis Peyton, since he was James Peyton's sole supplier of marijuana. Finding inconsistencies in some of the co-conspirators' testimony, the court rejected the amount of marijuana attributable to each Appellant and held Louis Peyton responsible for 640 kilograms of marijuana, combined with the cocaine conversion of 2358 kilograms, for a total of 2998 kilograms of marijuana. The court also reduced the amount of marijuana attributable to James Peyton to 518 kilograms of marijuana.

For sentencing purposes, the district court's factual determination concerning the amount of drugs attributable to Appellants should be upheld absent clear error.[2] Appellants bear the burden of showing the inaccuracy of those drug amounts.[3] However, with unrecovered drugs, the district court may estimate the amount of drugs attributable to each Appellant for an accurate reflection of their involvement in the drug trafficking conspiracy.

Here, the fact that the district court reduced the amount of marijuana attributable to Appellants totally belies their allegations that the court accepted each witness's testimony at face value. In fact, the court explicitly found that portions of Hatcher's testimony were

_____

[2] **See United States v. Lamarr**, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

[3] **See United States v. Terry**, 916 F.2d 157, 162 (4th Cir. 1990).

3

uncorroborated and used this as a basis for reducing Louis Peyton's total drug accountability from 5733 to 2998 kilograms of marijuana. The court's assessment of witness credibility is not subject to review.[4] Therefore, since the court's weight determination for the unrecovered drugs is supported by a preponderance of the evidence, we find no clear error.[5]

Next, James Peyton challenges the district court's denial of a sentence reduction for acceptance of responsibility. [6] He claims that he was entitled to the reduction because during sentencing, he admitted distributing between twenty-five to fifty pounds (or 11.34 to 22.68 kilograms) of marijuana. Peyton objected to the recommendation in the presentence report to deny the sentencing reduction. The court's silence on Peyton's objections is tantamount to a denial of the reduction, which we review for clear error.[7]

A defendant is entitled to a two-level reduction in offense level under USSG § 3E1.1 if he clearly demonstrates acceptance of responsibility for his offense. Here, Peyton did not accept responsibility for his offense. He did not plead guilty to the charged offenses. He completely denied all involvement in the conspiracy to distribute cocaine and attempted to downplay his involvement in distributing marijuana. Further, Peyton refused to cooperate with the probation officer during the preparation of his presentence report. Because Peyton's uncooperative behavior and his refusal to fully disclose his involvement in the drug trafficking conspiracy are inconsistent with acceptance of responsibility, we find that the district court did not clearly err in denying him the two-level reduction in offense level under USSG § 3E1.1.[8]

_____

[4] **See United States v. Saunders** , 886 F.2d 56, 60 (4th Cir. 1989).

[5] **See United States v. Williams** , 986 F.2d 86, 90 (4th Cir. 1993).
[6] **See U.S. Sentencing Guidelines Manual** § 3E1.1 (1995).
[7] **See United States v. Strandquist** , 993 F.2d 395, 401 (4th Cir. 1993).

[8] **See United States v. Beal**, 960 F.2d 629, 632 (7th Cir. 1992) (holding that sentencing court properly considered defendant's failure to cooperate with probation office's investigation in denying reduction for acceptance of responsibility).

Accordingly, we affirm Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5