949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. ROBERTSON, also known as "Lamont", Defendant-Appellant.
 No. 91-1062.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 3, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 James L. Robertson was charged with four counts in a seven count superseding indictment. On April 27, 1990, he pleaded guilty to one count of conspiracy to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. On December 12, 1990, the district court sentenced Robertson, pursuant to the Federal Sentencing Guidelines (Guidelines), to 115 months imprisonment to be followed by four years of supervised release, in addition to the mandatory $50.00 special assessment. On appeal, Robertson contends that the district erred in refusing to grant a two level reduction for acceptance of responsibility under § 3E1.1 of the Guidelines. Robertson also claims error from the district court's refusal to grant a downward departure under § 5K1.1 of the Guidelines for substantial assistance to the government, even though the government refused to make a motion for such a departure.
 
 I. Acceptance of Responsibility
 
 2
 During the sentencing hearing, the government requested that Robertson's base offense level be increased by two levels under § 3C1.1 of the Guidelines for the obstruction of justice. The government claimed that Robertson had threatened two codefendants/witnesses. In support of this contention, the government called Special Agent Stephen W. Lawroski to testify about reports he received from informants concerning these threats. The agent's testimony recounted the allegations, all of which he received second-hand. The court found that this testimony was insufficient to sustain the government's burden of proving the threats by a preponderance of the evidence and, therefore, refused to enhance Robertson sentence.
 
 
 3
 Robertson similarly requested a two level reduction for his acceptance of responsibility. In refusing to grant the reduction, the court found, in part, that although the allegations of threats were insufficient to warrant an enhancement, the mere existence of such allegations weighed against the granting of an acceptance of responsibility reduction. The court noted that Robertson failed to report to his federal probation officer upon release from state custody.[1] The court also noted that Robertson was not completely candid with the probation department in terms of his involvement as compared to facts that he later admitted.[2] Judge Warren also expressed reservations about the timeliness of Robertson's acceptance of responsibility for the crimes, including his subsequent cooperation with authorities investigating the drug crimes. Judge Warren concluded: "All in all the court is not satisfied. The court is not going to and does decline to grant the diminution of two points that would attend a full acceptance of responsibility." (Sentencing Transcript at 74).
 
 
 4
 Robertson argues that the judge's reliance on the threat allegations was improper because the court had previously determined that the government failed to prove the existence of such threats by a preponderance of the evidence. Robertson also contends that the district court did not make specific findings concerning his truthfulness at the plea hearing and the timeliness of his acceptance of responsibility. He emphasizes the fact that he decided to plead guilty under pressure from his associates not to do so. Finally, the appellant claims that the district court failed to adequately consider his cooperation. Therefore, Robertson concludes that it was error to deny the two level reduction.
 
 
 5
 We will not overturn a district court's denial of a two level downward adjustment for acceptance of responsibility, § 3E1.1 of the Guidelines, unless it is clearly erroneous.[3] "Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court." United States v. Osborne, 931 F.2d 1139, 1154 (7th Cir.1991) (quoting United States v. Sullivan, 916 F.2d 417, 419 (7th Cir.1990)). The district court's determination "is entitled to great deference and should not be disturbed unless it is without foundation." Osborne, 931 F.2d at 1154 (quoting United States v. Camargo, 908 F.2d 179, 185 (7th Cir.1990)).
 
 
 6
 The district court's decision not to grant the two level reduction was not clearly erroneous. The district court based his decision on a number of factors. No one factor alone was determinative. The court recognized Robertson's cooperation and the fact that he pleaded guilty to the charge. However, the court found that other considerations warranted against granting the downward departure. These factors included the lack of truthfulness to the probation officer, Robertson's failure to report to the probation department, the threat allegations, and the court's reservations about the timeliness of Robertson's acceptance of responsibility. We find no error in the district court's decision.
 
 II. Substantial Assistance
 
 7
 Robertson also argues that the district court erred by not determining, in the absence of a motion by the government, whether he was entitled to a downward departure for substantial assistance to the government under § 5K1.1 of the Guidelines. This court has upheld the government motion requirement under § 5K1.1 on numerous occasions. See United States v. Donatiu, 922 F.2d 1331 (7th Cir.1991); United States v. Brick, 905 F.2d 1092 (7th Cir.1990). Therefore, Robertson argument on this point is meritless.
 
 The decision of the district court is
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Robertson was on probation from a state offense when he committed this crime. That probation was subsequently revoked
 
 
 [2]
 For example, Robertson denied owning a Jaguar automobile when speaking to the probation department, but admitted at the sentencing hearing that he did, indeed, own the car
 
 
 [3]
 Section 3E1.1, Acceptance of Responsibility, provides:
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of the personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction or trial.
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.