958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Todd M. CYRIER, Defendant/Appellant.
 No. 91-2600.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 19, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Todd Cyrier pleaded guilty to soliciting a kidnapping in violation of 18 U.S.C.A. § 1201(a)(1), and was sentenced under the Federal Sentencing Guidelines. Cyrier now appeals the district court's refusal to subtract two points from his base offense level for his acceptance of responsibility.[1] U.S.S.G. § 3E1.1. We affirm.
 
 I. BACKGROUND
 
 2
 In 1990, Todd Cyrier's wife left him. Hoping to win her back, Cyrier asked an acquaintance to kidnap his wife and bring her from Arizona to Illinois. Cyrier's scheme failed after the acquaintance informed the FBI. The FBI then arrested Cyrier, and he pleaded guilty to soliciting a crime of violence. 18 U.S.C. § 1201(a)(1). In return for Cyrier's plea, the government agreed to recommend a two-point acceptance of responsibility reduction at sentencing.
 
 
 3
 While in jail pending sentencing, Cyrier drafted two letters asking acquaintances to abduct and brainwash his wife. Cyrier sent the first letter to his brother and requested him to forward it to an unknown person. The letter never reached its destination because Cyrier's father intercepted it and turned it over to Cyrier's attorney. The second letter was found unmailed in Cyrier's cell.
 
 
 4
 Based on these letters, the sentencing court declined the acceptance of responsibility reduction. According to the court, the letters showed that Cyrier "has not acknowledged or accepted the fact that he was wrong."
 
 II. ANALYSIS
 
 5
 The decision to grant an acceptance of responsibility reduction is a factual determination, which we review using a clearly erroneous standard. United States v. Sullivan, 916 F.2d 417, 419 (7th Cir.1990). In Cyrier's case, the district court's decision was not clearly erroneous. Cyrier's letters showed that he did not cease his illicit scheming or acknowledge his errors. These are acceptable reasons for denying an acceptance of responsibility reduction.
 
 
 6
 Section 3E1.1 of the Federal Sentencing Guidelines allows a two-point reduction from a defendant's base offense level "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The application notes to section 3E1.1 provide seven "considerations" which help district courts determine whether to award an acceptance of responsibility reduction. The first of these considerations is the "voluntary termination or withdrawal from criminal conduct or associations." See U.S.S.G. § 3E1.1 (application note 1)[2]. A defendant who continues his criminal conduct after his conviction is generally ineligible for the acceptance of responsibility reduction. United States v. Jordan, 890 F.2d 968, 974 (7th Cir.1989) (the defendant, who was arrested for a drug offense, sold drugs while on bail); United States v. Franklin, 902 F.2d 501, 506 (7th Cir.1990) (defendant's guilty plea cannot overcome his continuing drug violations while on bail).
 
 
 7
 Under this standard, the district court's refusal to grant the reduction was not clearly erroneous. While it is true that Cyrier pleaded guilty to his crime and assisted the federal investigation, he continued plotting to kidnap his wife. Under the Guidelines, this continuing conduct is enough to deny the acceptance of responsibility reduction.
 
 
 8
 Cyrier disagrees and asserts that he voluntarily ceased his illegal conduct because he intercepted the first letter before it reached its destination. This claim is not supported in the PSI which indicates that Cyrier's father, not Cyrier, intercepted the letter. We must deem this fact true because it was not contested at sentencing. United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991), cert. denied, 116 L.Ed.2d 787 (1992). Furthermore, even if Cyrier did intercept the first letter, he drafted a second letter a short time later. The second letter also shows that Cyrier failed to recognize the wrongfulness of his conduct.[3]
 
 
 9
 Cyrier also alleges that his wife called him in jail and accepted his collect calls, indicating her desire to maintain contact with him. These facts are at best peripheral to Cyrier's appeal when the district court's decision was based on Cyrier's letters, not on his calls to and from his wife.
 
 The district court's decision is
 
 10
 AFFIRMED.
 
 
 
 *
 On December 30, 1991, the government filed a "suggestion for affirmance without oral argument." Cyrier agreed with this recommendation in his "reply to the government's suggestion for affirmance without oral argument." On February 14, 1992, after considering both documents, the court notified the parties that it had concluded that oral argument would not be helpful to the court in this case, and it submitted the case for decision on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Cyrier also argues that the district court sentenced him at the upper end of his guideline range contrary to the recommendations of both parties. We do not have jurisdiction to review this claim. United States v. Solis, 923 F.2d 548, 551-52 (7th Cir.1991) ("absent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range")
 
 
 [2]
 Contrary to the appellant's claims, this section requires the district court to consider "non-offense conduct."
 
 
 [3]
 In his appellate brief, Cyrier indicates that only one letter existed. However, in his "application for acceptance of responsibility" which he filed in district court, he specifically discussed both letters. In this document, he also admits that the first letter "was intercepted by Mr. Cyrier's family," not by Cyrier himself