21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gilberto GONZALEZ-GOMEZ, True Name: Gilberto Gamez-Viveros
Defendant-Appellant.
 No. 93-2663.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 26, 1994.
Decided March 28, 1994.
 
 Before ESCHBACH, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Gilberto Gonzalez-Gomez, whose true name is Gilberto Gamez-Viveros, (Gonzalez), pleaded guilty to conspiracy to possess with intent to distribute in excess of 100 grams of heroin in violation of 21 U.S.C. Sec. 841(a)(1). He was denied a one-level reduction under United States Sentencing Guidelines Sec. 3E1.1(b)(2) because he failed to notify authorities of his intent to plead guilty early enough for the government to avoid preparing for trial. Gonzalez's sentencing guideline range fell between 78 and 97 months and the district court imposed a sentence of 97 months' imprisonment followed by four years of supervised release. Had the court granted the additional one-level reduction under subsection (b), the applicable guideline range would have been 70 to 87 months. Gonzalez contends that he should have received the additional reduction.
 
 
 2
 This case requires the court to determine under what circumstances a defendant's offer to plead guilty entitles him to an additional one-level reduction in offense level for acceptance of responsibility under Sec. 3E1.1(b)(2). The defendant bears the burden of establishing by a preponderance of the evidence his entitlement to a reduction for acceptance of responsibility under Sec. 3E1.1. United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993). In reviewing the district court's denial of a reduction, factual findings will not be disturbed unless they are clearly erroneous.[1] Id. at 1497; see also United States v. Schau, 1 F.3d 729, 731 (8th Cir.1993) (applying the clearly erroneous standard to subsection (b)); United States v. Tello, 9 F.3d 1119, 1122 (5th Cir.1993) (same). However, where the denial turns on the district court's interpretation of the guideline, review is de novo. United States v. Prevatte, No. 92-3370, slip op. at 22 (7th Cir. Feb. 15, 1994); United States v. Sanchez, 984 F.2d 769, 774 (7th Cir.1993).
 
 
 3
 Subsection (b) was added to United States Sentencing Guideline Sec. 3E1.1 effective November 1, 1992. U.S.S.G. Sec. 3E1.1, app. C, amend. 459. As amended, Sec. 3E1.1 provides:
 
 
 4
 a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 
 
 5
 b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 6
 1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 7
 2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
 
 
 8
 decrease the offense level by 1 additional level.
 
 
 9
 U.S.S.G. Sec. 3E1.1. Prior to November 1, 1992, a defendant who accepted responsibility could only reduce his offense level by two levels.[2] The added provision allows for an additional one-level reduction provided three conditions are met: 1) the defendant qualifies for the two-level reduction under subsection (a); 2) the defendant's offense level is 16 or greater prior to the two-level reduction; and 3) the defendant assists authorities by either timely providing information or timely offering to plead guilty. U.S.S.G. Sec. 3E1.1(b).
 
 
 10
 Here, there is no dispute that Gonzalez satisfied the first two conditions set forth in Sec. 3E1.1(b). The district court found that Gonzalez clearly accepted responsibility for his offense and was therefore entitled to the two-level reduction under Sec. 3E1.1(a). Also, Gonzalez's offense level was above 16 prior to the two-level reduction. The only issue, therefore, is whether Gonzalez satisfied the third condition by timely offering to plead guilty under subsection (b)(2). Notification of an intent to plead guilty is timely under subsection (b)(2) if it permits the government to avoid preparing for trial and the court to allocate its resources efficiently. Application Note 6, which was added to the commentary with the 1992 amendment and is the only portion of the commentary that addresses subsection (b), further explains when notification is timely. U.S.S.G. Sec. 3E1.1, comment (n. 6). It states, in relevant part:
 
 
 11
 The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.
 
 
 12
 Id. Because the timeliness of notification is a context specific determination, it must be determined on a case by case basis.
 
 
 13
 Under the circumstances of this case, we hold that the district court's conclusion that Gonzalez did not establish his entitlement to the additional one-level reduction was not clearly erroneous. Gonzalez was indicted on January 26, 1993. Counsel was appointed two weeks later on February 12, and a trial date was set for April 5. Gonzalez waited until the final pre-trial conference, held on March 23, to move for a continuance. The district court granted a new trial date of April 19. Gonzalez then waited another two weeks before notifying the court of his intent to plead guilty--eleven days before the second trial date. Although Gonzalez contends that the government was aware of his interest in entering a guilty plea prior to April 8, nothing in the record supports his contention. Nor does the record establish that the government postponed its offer of a detailed plea agreement.
 
 
 14
 Gonzalez argues that the district court's finding that the government was unable to allocate its resources efficiently is not supported by the record. When asked at the sentencing hearing whether it had spent time preparing for trial, the government responded:
 
 
 15
 No, I can't say that, judge. It's be [sic] awhile but I did not get to the point where I was preparing transcripts and prepping witnesses. This is not a very complicated case. It would have been a very simple matter to prepare for trial. No, I did not go through any extended amount of work to start getting the case ready for trial.
 
 
 16
 Tr. 32-33. Thereafter, the district court refused to grant the additional one-level reduction, finding that the government had at least partially begun preparing for trial:
 
 
 17
 [T]he criteria for that essentially is whether it's really saving the government trial preparation, and I guess in this case we'd have to say that it's sort of halfway in the middle, less than full, but certainly he's had their preparation.
 
 
 18
 Tr. 33-34. Although the district court's statement is barely sufficient to provide meaningful review, we find no error in its finding.[3] Both Gonzalez and the government, in its statement, narrowly construe subsection (b)(2) to unnecessarily limit the activities that qualify as trial preparation. We, on the other hand, agree with the district court's implicit conclusion that a broader definition of trial preparation is appropriate. Accordingly, we believe that the district court's finding that the government spent time preparing for trial in this case finds support in the record despite the fact that it seemingly conflicts with the government's statement. United States v. Beal, 960 F.2d 629, 635 (7th Cir.) (affirming the denial of a reduction for acceptance of responsibility under Sec. 3E1.1(a) where the district court's statement was sufficiently specific to provide meaningful review and the result was supported by the record), cert. denied, 113 S.Ct. 230 (1992). United States v. Blas, 947 F.2d 1320, 1330 (7th Cir.1991) (same), cert. denied, 112 S.Ct. 1234 (1992). See also United States v. Carson, 9 F.3d 576, 585 (7th Cir.1993) (affirming the enhancement of a sentence for the defendant's participation as an organizer or leader under Sec. 3B1.1(a) even though the district court did not make a specific finding that the defendant exercised sufficient control over the other members of the conspiracy, a factor to be considered according to the comment, where the record supported the district court's conclusion).
 
 
 19
 During the time Gonzalez postponed his offer to plead guilty, the government continued to pursue his prosecution up to and including the pre-trial conference. See United States v. Marquez, 827 F.Supp. 205, 214 (S.D.N.Y.1993) (denying the reduction where the government responded to pre-trial motions, prepared witnesses, and prepared and reviewed wiretapped telephone calls). The fact that Gonzalez offered to plead guilty before the government focused its activities on the upcoming trial does not diminish the effect his failure to plead guilty earlier had on the government's allocation of resources. Gonzalez cannot claim entitlement to the additional one-level reduction simply because the government found it unnecessary to prepare until shortly before his trial. In fact, we may rely on the government's statement that Gonzalez's case required little preparation to conclude that the amount of time the government actually spent working on his case, relative to the total time it intended to spend, was significant. For the foregoing reasons, we find that the district court did not clearly err in finding that Gonzalez failed to satisfy the third element of Sec. 3E1.1(b).
 
 
 20
 Although the district court did not rest its conclusion on the fact that it was unable to allocate its own resources efficiently, we also find sufficient support in the record to deny the additional reduction on that basis. The effect of a defendant's failure to timely accept responsibility on the district court's allocation of resources is measured by the district court's ability to "schedule its calendar" efficiently. U.S.S.G. Sec. 3E1.1, comment (n. 6). Here, it is apparent from the record that Gonzalez's delayed request for a continuance did disrupt the district court's calendar, as evidenced by the fact that a continuance was granted, thus vacating one trial date and imposing another. Indeed, Gonzalez further disrupted the court's calendar by pleading guilty only eleven days before trial. See United States v. Robinson, No. 93-1090, slip op. at 4-5 (7th Cir. Jan. 24, 1994) (holding that a guilty plea four days before trial was not early enough to enhance the efficiency of the court). Thus, we hold that Gonzalez has not met his burden of establishing his entitlement to the one-level reduction.
 
 
 21
 AFFIRMED.
 
 
 22
 RIPPLE, Circuit Judge, dissenting.
 
 
 23
 The one point decrease in question in this case should have been available to the defendant if his decision to plead guilty was made sufficiently early to have saved the government the burden of preparing for trial and to have avoided disruption of the trial court's calendar.
 
 
 24
 Resolving these matters should have been accomplished quite easily at the sentencing hearing. All the trial court had to do was to assess the record and to make the appropriate findings. With respect to the first factor, the district court asked the Assistant United States Attorney whether the timing of the guilty plea had caused the government to engage in needless trial preparation. With commendable candor, counsel said that it had not. Yet, for reasons not apparent from the record, the district court nevertheless concluded that the government had been put to needless preparation. Today, the court takes that conclusion on faith; there is nothing to support the district court's conclusion in the record.
 
 
 25
 In denying the reduction, the district court did not rely on any disruption to its own docket. Yet this court, engaging in appellate fact-finding, determines that such is the case. Fact-finding is, in the context of a criminal appeal, no job of an appellate court. Indeed, our caselaw rather emphatically details our institutional ineptitude to perform such a function. In the Matter of Marchiando, 13 F.3d 1111, 1114 (7th Cir.1994) (stating "if the district court has failed to do its job of finding the facts properly, the court of appeals cannot, in the interest of judicial economy, take over the district court's role;" but recognizing exception where record permits only one finding); United States v. Board of Education, 983 F.2d 790, 796 (7th Cir.1993) (" 'In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues de novo.' ") ( quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969)). Moreover, it is difficult to think of any matter more within the special knowledge and expertise of the district court than the dynamics of its own docket.
 
 
 26
 The straightforward course for us is to remand to the district court for appropriate fact-finding or, if the district court finds that the facts do not support its earlier conclusion, resentencing. Our cases make clear that "it is incumbent on the trial court to provide an explanation of the factors it relied on in reaching its decision to enable this Court to fulfill its review function." United States v. Sullivan, 916 F.2d 417, 420 (7th Cir.1990). Here, the district court failed to fulfill that obligation. The panel ignores our precedent by ignoring that lapse and then compounds the error by assuming a fact-finding role that, in our system, is the prerogative of the trial courts. As we said in United States v. Tai, 994 F.2d 1204, 1211 (7th Cir, 1993), "it is not this court's role to make factual findings necessary to support a sentencing calculation; that is a task for the district court."
 
 
 27
 I respectfully dissent.
 
 
 
 [1]
 Application Note 5 of the commentary states:
 The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.
 U.S.S.G. Sec. 3E1.1, comment (n. 5). Gonzalez argues that the "great deference" required by Application Note 5 applies only to a determination made under subsection (a) and not those made under subsection (b). We need not address this argument, however, because whether the court applies a clearly erroneous standard or an even more deferential standard, the outcome is the same.
 
 
 [2]
 The amendment was in effect when Gonzalez committed the crime to which he pleaded guilty (a conspiracy beginning on December 27, 1992 and ending on January 20, 1993), and when he was sentenced (June 23, 1993)
 
 
 [3]
 We emphasize, however, that this puts the reviewing court in the unfortunate position of attempting to read the judge's mind. Although the docket clearly shows it, the court should have specifically noted that counsel was appointed February 12 but Congzlez waited nearly two months--eleven days before the continued trial date--to notify the court he was pleading guilty. Also the court should have specifically recited the necessity of adjusting the trial calendar with a continuance and new trial date, thus further burdening the court. The sentencing court should specifically articulate the factors on which it relied in denying a reduction under the guidelines so that this court can fulfill its review function. United States v. Sullivan, 916 F.2d 417, 420 (7th Cir.1990)