30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregg CONNAL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel RAMOS, Defendant-Appellant.
 Nos. 93-2784, 93-2804.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 26, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Gregg Connal pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. Sec. 846 and one count of attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846. Israel Ramos pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and one count of attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846. The district court sentenced Connal to two concurrent terms of 86 months' imprisonment followed by four years of supervised release and fined him $100,000. The fine was payable in equal monthly installments over a period of eight years. The district court sentenced Ramos to two concurrent terms of 92 months' imprisonment followed by four years of supervised release and fined him $100,000, which was also payable in equal monthly installments over a period of eight years. Connal and Ramos challenge their sentences on appeal. We vacate both sentences and remand for resentencing.
 
 
 2
 Connal was a manager of a car wash in Aurora, Illinois. Connal, Ramos, and co-defendants Antonio Alvarado and Amador Sanchez arranged for the delivery of marijuana to the car wash on January 13, 1992. The marijuana was located in a U-Haul truck driven by Jesus Gonzalez. Agent Juan DeLeon of the Illinois State Police, with whom Gonzalez was cooperating, was to receive $33,000 upon delivery of the marijuana. On January 13, Agent Deleon drove the U-Haul truck to a gas station near the car wash and walked to the car wash. After Ramos handed Agent Deleon approximately $33,000 in cash, Agent DeLeon drove the U-Haul truck to the door of the car wash. Connal, Ramos, Alvarado, and Sanchez were then arrested.
 
 
 3
 Connal raises the following arguments on appeal: (1) the district court erroneously refused to reduce his offense level by one level under Sentencing Guideline Sec. 3E1.1(b)(2); (2) the district court erroneously imposed the $100,000 fine; and (3) the district court's finding that Connal was responsible for 800 pounds of marijuana was erroneous and was made in violation of United States v. Edwards, 945 F.2d 1387 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992). Ramos' sole argument on appeal is that the district court erroneously refused to reduce his offense level by one level under Guideline Sec. 3E1.1(b)(2). We will address these arguments in turn.
 
 
 4
 I. Acceptance of Responsibility Under U.S.S.G. Sec. 3E1.1(b)(2)
 
 
 5
 The district court granted Connal and Ramos two-level reductions in their offense levels for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a). Connal and Ramos assert that they were entitled to an additional one-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b)(2) by timely pleading guilty. We review a district court's determination of acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b)(2) for clear error. United States v. Robinson, 14 F.3d 1200, 1202 (7th Cir.1994); accord United States v. Schau, 1 F.3d 729, 731 (8th Cir.1993).
 
 
 6
 The government first argues that Connal and Ramos have waived this claim by failing to raise it before the district court at sentencing. Appellee's Br. at 14-15; see United States v. Macias, 930 F.2d 567, 570 (7th Cir.1991) (failure to raise an argument before the sentencing court waives the issue on appeal). The Probation Office in its presentence investigation reports ("PSRs") recommended that neither Connal nor Ramos receive either a two-level or three-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a) and (b). Ramos filed a "Sentencing Memorandum With Objections" (R. 76) objecting to this recommendation and requesting a two-level reduction under U.S.S.G. Sec. 3E1.1(a) and an additional one-level reduction for a timely plea of guilty under U.S.S.G. Sec. 3E1.1(b)(2). Connal also filed a written objection to his PSR (R. 75) requesting a two-level reduction under U.S.S.G. Sec. 3E1.1(a) and an additional one-level reduction for a timely plea of guilty under U.S.S.G. Sec. 3E1.1(b)(2). Connal's written objection expressly adopted the arguments made by Ramos concerning acceptance of responsibility in his sentencing memorandum. The following colloquy then occurred at the sentencing hearing:
 
 
 7
 THE COURT: ... Based on the totality of the facts here and the fact that the defendants have, in fact, pled guilty to the essential elements of the offense, I am going to give both defendants two points for acceptance of responsibility.
 
 
 8
 The next issue is the role in the offense--
 
 
 9
 MR. BLOOM [attorney for Ramos]: Judge, before we leave that other one, and without interrupting your Honor--but I have to for the record.
 
 
 10
 The other prong is acceptance of responsibility, which is the early acceptance--
 
 
 11
 THE COURT: Yes. I said two points. I'm not giving--
 
 
 12
 MR. BLOOM: You're not giving that then, okay.
 
 
 13
 Sentencing Hr'g Tr. at 12-13.
 
 
 14
 We conclude that Connal and Ramos have preserved this issue for appellate review. Both Connal and Ramos objected to their PSRs on the ground that they timely pleaded guilty. Mr. Bloom, Ramos' counsel, renewed this objection at the sentencing hearing. Connal's counsel had expressly joined Mr. Bloom's argument earlier in the sentencing hearing, see Sentencing Hr'g Tr. at 8, and it is reasonable to assume that Connal's counsel would have again joined Mr. Bloom's argument if the district court had not interrupted Mr. Bloom and summarily overruled the objection. The record simply does not support the government's assertion that Ramos and Connal chose to abandon this claim at the sentencing hearing. See Appellee's Br. at 15.
 
 
 15
 Subsection (b) was added to Sentencing Guideline Sec. 3E1.1 effective November 1, 1992. U.S.S.G. Sec. 3E1.1, app. C, amend. 459. The amended Guideline provides:
 
 
 16
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 
 
 17
 (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 18
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 19
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 
 
 20
 decrease the offense level by 1 additional level.
 
 
 21
 U.S.S.G. Sec. 3E1.1 (emphasis supplied). Prior to November 1, 1992, a defendant who accepted responsibility could only reduce his offense level by two levels. The amendment provides an additional one-level reduction. Application Note 6, the only portion of the commentary which addresses subsection (b), states in relevant part:
 
 
 22
 The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.
 
 
 23
 U.S.S.G. Sec. 3E1.1 Application Note 6 (Nov. 1, 1992).
 
 
 24
 The text of Guideline Sec. 3E1.1(b) plainly directs a one-level reduction if three conditions are met: (1) the defendant qualifies for a two-level reduction under subsection (a); (2) the defendant's offense level is 16 or greater prior to the two-level reduction; and (3) the defendant assists authorities by either timely providing information to the prosecution about the defendant's own involvement in the offense or timely notifying authorities of his intention to plead guilty. U.S.S.G. Sec. 3E1.1(b). We agree with United States v. Colussi, 1994 WL 131253 (9th Cir. April 18, 1994) and United States v. Tello, 9 F.3d 1119, 1129 (5th Cir.1993) that the Guideline is mandatory-once the essential elements of the tripartite test of subparagraph (b) are found to exist, a district court has no discretion to deny a reduction.
 
 
 25
 Both Connal and Ramos clearly satisfied the first two requirements of U.S.S.G. Sec. 3E1.1(b). The district court found that Connal and Ramos accepted responsibility for their offenses and therefore were entitled to the two-level reductions under Sec. 3E1.1(a). The offense levels of both Connal and Ramos were above 16 prior to the two-level reductions. The only question then is whether Connal and Ramos satisfied the third requirement of subsection (b) by timely notifying authorities of their intentions to plead guilty (neither Connal nor Ramos contend that they timely provided information to the prosecution concerning their involvement in the offenses under subparagraph (b)(1)). If Connal and Ramos satisfied this requirement, they were entitled to additional one-level reductions in their offense levels.
 
 
 26
 We conclude that we must vacate the sentences of both Connal and Ramos so that the district court may make the necessary findings required for a proper application of U.S.S.G. Sec. 3E1.1(b)(2). At the outset, we are disturbed by the district court's failure to fulfill its obligation to explain why it denied Connal and Ramos the one-level reductions under U.S.S.G. Sec. 3E1.1(b)(2). The sole statements in the record concerning the district court's refusal to grant the reductions are contained in the excerpt from the sentencing hearing transcript we have quoted earlier. See Sentencing Hr'g Tr. at 12-13. "[I]t is incumbent upon the trial court to provide an explanation of the factors it relied on in reaching its decision [to deny a reduction under the Guidelines] to enable this Court to fulfill its review function." United States v. Sullivan, 916 F.2d 417, 420 (7th Cir.1990). The district court did not do that here, and this failure is an independent ground for vacating both sentences and remanding for resentencing even if the district court had properly considered the factors set forth in U.S.S.G. Sec. 3E1.1(b)(2) (which, as we explain below, it did not). Id. at 420-21.
 
 
 27
 Connal and Ramos pleaded guilty on the date of the first scheduled status hearing following their arraignments, March 9, 1993--eight business days after their arraignments on February 25, 1993, three days before March 12, 1993, the district court's deadline for the filing of pre-trial motions, and over a month before the scheduled trial date of April 12, 1993. The government at the sentencing hearing did not contend that it had spent any time or resources preparing for trial, and the district court made no inquiries or findings concerning this issue. The district court also made no findings concerning whether this case interfered with its ability to schedule its calendar efficiently. Nevertheless, we might affirm the sentences of Connal and Ramos if the record sufficiently supported the denials of the reductions on these grounds. However, there are no facts on the face of the record supporting an affirmative answer to either of these questions.[1]
 
 
 28
 Although we conclude that the district court misapplied Guideline Sec. 3E1.1(b)(2) in this case, we need not remand for resentencing if, on the record as a whole, the error was harmless. Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992); see Fed.R.Crim.P. 52(a). An error is harmless "[i]f the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor." Williams, 112 S.Ct. at 1121. The government has not met this burden here. If Ramos were granted an additional one-level reduction in his offense level under Sec. 3E1.1(b)(2), his resulting sentencing range under the Guidelines would be between 70 and 87 months' imprisonment, which is less than his actual sentence of 92 months' imprisonment. If Connal were granted an additional one-level reduction in his offense level under Sec. 3E1.1(b)(2), his resulting sentencing range under the Guidelines would also be between 70 and 87 months' imprisonment (rather than the sentencing range of between 77 and 96 months' imprisonment as determined by the district court). Although this range is within Connal's actual sentence of 86 months' imprisonment, Connal's actual sentence is at the upper level of this range, and the district court sentenced Connal in the middle of the previous sentencing range. There is nothing in the record concerning the sentencing motivation of the district court which would lead us to conclude that the same sentence would have been imposed absent the erroneous application of Sec. 3E1.1(b)(2). Therefore, we cannot affirm Connal's sentence under a harmless error analysis. See Tello, 9 F.3d at 1131.
 
 
 29
 We emphasize that we make no observations concerning whether Connal or Ramos, or both, deserve the additional one-level reductions for acceptance of responsibility. We merely hold that the district court has not considered the appropriate criteria under U.S.S.G. Sec. 3E1.1(b)(2), nor has it provided us with an explanation of its reasoning as required by Sullivan. We therefore vacate the sentences of Connal and Ramos and remand to the district court for further consideration of the additional one-level reduction for acceptance of responsibility. The district court must reconvene another sentencing hearing in order to permit Connal and Ramos to exercise their rights of allocution under Federal Rule of Criminal Procedure 32(a)(1)(C). United States v. Barnes, 948 F.2d 325, 330 (7th Cir.1991).
 
 II. Connal's Fine
 
 30
 Connal also contests the $100,000 fine imposed on him by the district court. When imposing a fine a district court must consider several specified factors set forth in 18 U.S.C. Sec. 3572(a) and Sentencing Guideline Sec. 5E1.2(d). United States v. Levine, 5 F.3d 1100, 1109 (7th Cir.1993), cert. denied, 114 S.Ct. 1224 (1994); United States v. Blackman, 950 F.2d 420, 425 (7th Cir.1991); United States v. Masters, 924 F.2d 1362, 1369 (7th Cir.), cert. denied, 500 U.S. 919 (1991). A district court must make specific findings with respect to those factors. United States v. Vargas, 16 F.3d 155, 159 (7th Cir.1994); United States v. Jones, 983 F.2d 1425, 1434 (7th Cir.1993); Masters, 924 F.2d at 1369. This duty may be discharged through adoption of the findings contained in a presentence report. Vargas 16 F.3d at 159. A district court has the discretion to impose a fine less than the range imposed by the Guidelines, or to waive a fine, if the defendant establishes that "he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine...." U.S.S.G. Sec. 5E1.2(f). We review the district court's factual findings for clear error. 18 U.S.C. Sec. 3742(e); Levine, 5 F.3d at 1109.
 
 
 31
 The probation officer conducted an extensive analysis of Connal's financial condition and found Connal's net worth (total debts less total assets) to be approximately negative $22,500; and Connal's net monthly cash flow to be negative $544. The probation officer stated that Connal had "limited assets," "a significant amount of personal debts," and concluded that "based upon the financial information provided, it appears that the defendant does not have the ability to pay a fine on an immediate or installment basis." PSR of Connal at 18.
 
 
 32
 Nevertheless, the district court imposed a fine of $100,000 payable in equal monthly installments over a period of eight years. The district court did not refer to the factors set forth in 18 U.S.C. Sec. 3572(a) and Guideline Sec. 5E1.2(d) in imposing the fine. Contrary to the government's assertion, see Appellee's Br. at 19, at no time during the sentencing hearing did the district court expressly adopt the findings contained in Connal's PSR. Indeed, as Connal points out in his reply brief, if the district court had made such an adoption, it would not have imposed a fine of $100,000. The sole possible explanation given by the district court which we could glean from the record is that it was "not satisfied that there's not drug money out there."[2] Sentencing Hr'g Tr. at 31. This analysis is clearly insufficient under our cases. Cf. United States v. Stevens, 985 F.2d 1175, 1188 (2d Cir.1993). We therefore vacate Connal's fine and remand so that the district court may consider the appropriate factors in determining whether to impose a fine and, if so, in what amount.
 
 III. Connal's Relevant Conduct
 
 33
 Connal also challenges the district court's finding that his relevant conduct under the Guidelines involved 800 pounds of marijuana. See U.S.S.G. Sec. 1B1.3(a)(1)(B). A defendant may be sentenced on the basis of all conduct in furtherance of the jointly undertaken criminal activity and reasonably foreseeable in connection with that criminal activity. U.S.S.G. Sec. 1B1.3 Application Note 2 (Nov. 1, 1992). At sentencing Connal argued that he should have been held accountable only for forty pounds of marijuana, the amount he contended that he had agreed to purchase from Amador Sanchez. The district court rejected this argument and found Connal responsible for 800 pounds of marijuana, the total amount contained in the U-Haul truck. This is a factual finding which we review for clear error. United States v. Beler, No. 92-3970, slip op. at 4 (7th Cir. March 31, 1994); United States v. Montgomery, 14 F.3d 1189, 1196 (7th Cir.1994).
 
 
 34
 In United States v. Edwards, 945 F.2d 1387 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992), we directed district courts to conduct an individualized inquiry of the amount of drugs attributable to a defendant and set forth "the reasons why the particular amount of drugs was reasonably foreseeable to him, with reference to the evidence before the court." Edwards, 945 F.2d at 1399. We further stated that " '[r]easons' means something more than conclusions ... [b]efore concluding that a given quantity of drugs was foreseeable for sentencing purposes, the district judge should make clear that he has considered the evidence of the individual defendant's agreement to join a conspiracy of the scope alleged by the government." Id. (citation omitted); accord United States v. DePriest, 6 F.3d 1201, 1213 (7th Cir.1993); United States v. Wagner, 996 F.2d 906, 914 (7th Cir.1993), cert. denied, 114 S.Ct. 720 (1994); United States v. Goines, 988 F.2d 750, 775 (7th Cir.), cert. denied, 114 S.Ct. 241 (1993).
 
 
 35
 The sole explanation given by the district court for its finding is that "[b]ased upon the totality of the facts in this case and the fact that the defendants did, in fact, plead guilty to the conspiracy count, I am going to overrule [Connal's] objection." Sentencing Hr'g Tr. at 24. To the extent the district court's finding is based on the fact that Connal pleaded guilty to conspiracy to possess with intent to distribute and attempted possession of 800 pounds of marijuana, the finding is erroneous. "The quantity of the controlled substance is not an essential element of the crimes proscribed under sections 841(a)(1) and 846; rather, it is a sentencing issue to be raised after proof of a defendant's underlying guilt." United States v. McNeese, 901 F.2d 585, 600-01 (7th Cir.1990). "This court has held consistently that the quantity of drugs involved in a narcotics case does not constitute a substantive element of the drug offense." United States v. Maholias, 985 F.2d 869, 877 (7th Cir.1993) (citation omitted).
 
 
 36
 The remaining reason given by the district court is that its finding was "[b]ased upon the totality of the facts in this case." This explanation is purely conclusory. Connal has the right under our established precedent to receive a specific factual determination from the district court supporting a sentence he may see fit to impose. That requisite specificity is absent here. We therefore remand for resentencing on the amount of marijuana attributable to Connal.
 
 
 37
 For the foregoing reasons, we vacate the sentences of Connal and Ramos and remand for resentencing consistent with this order.
 
 
 38
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government contends that the record supports the district court's denial of the reductions because the defendants' denial of knowledge of 800 pounds of marijuana "prompted the government to remain ready to argue the case and to call witnesses if so requested by the district court at the sentencing hearing." Appellee's Br. at 18. This argument fails because it conflicts with the text of the Guidelines. Guideline Sec. 3E1.1(b)(2) directs a one-level reduction if a defendant's timely guilty plea permitted the government to avoid preparing for trial, not to avoid preparing for sentencing hearings. U.S.S.G. Sec. 3E1.1(b)(2)
 
 
 [2]
 Although this statement was made when the district court was imposing Ramos' fine (no explanation was given by the district court for Connal's fine), the district court was referring to the fact that Connal's father paid the bond for both Connal and Ramos, implying that Ramos' bond was paid for by drug money owned by Connal. See Sentencing Hr'g Tr. at 30-31